CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JAN 2 9 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET COCHRAN,

    Plaintiff,

v.    No. CIV-98-0268 SC/RJD

CORRECTIONS CORPORATION OF
AMERICA MEDICAL,
DR. JAMES GUNN,
JUNE KERSHNER, NURSE PRACTITIONER,
GRACE WALLACE, MEDICAL SERVICES SUPERVISOR,
TOM NEWTON, PREVIOUS WARDEN,
PENNY LUCERO, WARDEN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518,

14

1520-21 (10th Cir. 1992).

The complaint alleges that from July 1994 to April 1996 Plaintiff was denied medical treatment for a colonic fistula, in violation of the Eighth Amendment's proscription against cruel and unusual punishment. During this time, Plaintiff was scheduled for surgery after an initial delay. Just before the scheduled surgery, Plaintiff was transferred to a correctional facility in Florida, causing further delays and aggravating her condition. The surgery was subsequently performed. Plaintiff seeks damages.

Assuming for purposes of this order that Plaintiff's allegations support an Eighth Amendment claim, the complaint nonetheless fails to identify the specific Defendants who were responsible for the alleged denial of treatment. Because it cannot be determined from the complaint who initially denied treatment or who directed that Plaintiff be transferred when surgery was required, service of process cannot be properly effected. *See* 28 U.S.C. § 1915(d) ("officers of the court shall...serve all process...in [IFP] cases"). Plaintiff shall be required to file an amended complaint asserting her Eighth Amendment claim against specific Defendants, affirmatively linking them to specific events.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint asserting her Eighth Amendment claim against specific Defendants, affirmatively linking them to specific events; failure to comply with this order may result in dismissal of the complaint; and the Clerk is directed to mail to Plaintiff a form §1983 complaint with instructions.

/s/ _____
UNITED STATES DISTRICT JUDGE